UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE NEO WIRELESS, LLC PATENT LITIGATION** | 2:22-MD-03034-TGB<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO REDUCE NUMBER OF ASSERTED CLAIMS (ECF NO. 96)**<br><br>THIS MEMORANDUM OPINION AND ORDER RELATES TO ALL CASES |

The individual cases involved in this MDL matter are for patent infringement brought by Plaintiff Neo Wireless, LLC ("Neo" or "Plaintiff") against Defendants Ford Motor Company, American Honda Motor Co., Inc., Honda Development & Manufacturing of America, LLC, Volkswagen Group of America, Inc., Volkswagen Group Of America Chattanooga Operations, LLC, Nissan North America, Inc., Nissan Motor Acceptance Corporation a/k/a Nissan Motor Acceptance Company, LLC, Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Credit Corporation,

General Motors Company, General Motors, LLC, Tesla, Inc., Mercedes-Benz USA, LLC, and FCA US, LLC (collectively "Defendants"). In all nine cases, Neo alleges Defendants infringe six asserted patents related to LTE functionality. "LTE", which stands for "Long Term Evolution" refers to a technical standard for wireless data transmission.

Presently before the Court is Defendants' motion to reduce the number of asserted claims. The parties submitted written briefs explaining their positions. ECF Nos. 96, 97, 98. For the reasons stated in this opinion and order, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' motion to reduce the number of asserted claims.

## I. PROCEDURAL HISTORY

The Court held a Scheduling Conference on September 16, 2022. At that conference, the parties presented arguments related to reducing the number of asserted claims. The Court denied Defendants' request to limit the number of claims at that time, but stated that Defendants could raise the issue of claim reduction if it later became an issue. Defendants have raised the issue by the present motion.

## II. LEGAL STANDARDS

District courts have "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the patent infringement context, "and particularly in multidistrict litigation cases, the district court 'needs to have broad

discretion to administer the proceeding.'" *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011) (quoting *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006)). This includes limiting the number of patent claims for the sake of judicial economy and management of a court's docket. *Id.*; *Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 902 (Fed. Cir. 2011) (limiting the plaintiff to 15 claims across 11 patents having at least four different specifications).

Further, courts in this district have required plaintiffs to limit the number of asserted claims before claim construction. *See, e.g.*, *Gentherm Can., Ltd. v. IGB Auto., Ltd.*, No. 13-11536, 2016 WL 1170801, at *2 (E.D. Mich. Mar. 25, 2016) (ordering plaintiff to limit the number of claims to no more than 14 claims across 7 patents before claim construction); *Joao Control & Monitoring Sys., LLC v. Ford Motor Co.,* No. 13-13615, 2014 WL 645246, at *3 (E.D. Mich. Feb. 19, 2014) (limiting plaintiff to 15 claims across 5 patents before claim construction). These cases indicate that limiting the number of asserted claims to one to three claims per patent would be consistent with the approaches of various district courts.

### III.  ARGUMENTS

Defendants argue that Neo represented at the Rule 26(f) conference that it plans to assert only a handful of claims at trial. Defendants contend that it makes no sense for the parties and the Court to expend time and resources litigating the construction of claims that will never be

tried. Defendants further contend that Neo will use the Court's claim construction process as a practice run to test the strength of its case, and will abandon the claims if the Court issues unfavorable claim constructions. According to Defendants, Neo should make an initial reduction of its claims to no more than three asserted claims per patent, for a maximum of 18 claims. Defendants argue that this will allow the Court to prepare these cases for trial and focus the parties on the important issues.

Neo responds that the parties first broached the prospect of narrowing claims and prior art during the Rule 26(f) conference process. Neo contends that Defendants initially proposed a gradual, multi-staged narrowing framework. Pl's. Resp., ECF 97, PageID.7848-49 (citing ECF 97-2).[1] Neo argues that under Defendants' own proposal, the parties would enter claim construction proceedings with forty asserted claims, and only reduce to twenty total claims after claim construction, near the end of fact discovery. Neo states that it objected to that proposal, but agreed to consider mutual narrowing as the case progressed. However, Neo contends that it is in no better position now than it was in September to adequately assess a narrowing framework.

Neo further contends that Defendants' aggressive narrowing proposal is unworkable. Neo argues that only two of the six asserted

---

[1] Citations to the parties' filings are to the filing's number in the docket (ECF No.) and pin cites are to the PageID numbers assigned by the Court's electronic filing system.

patents share a common specification, none contain terminal disclaimers to any other asserted patent, and all six patents cover distinct technology and read on distinct parts of the LTE specifications. Neo further argues that the parties simply do not know all the disputes over infringement and validity, and so could not possibly identify all the unique issues each claim presents.

Neo also argues that Defendants did not comply with Local Rule 7.1(a) meet and confer requirement before filing the present motion. Finally, Neo contends that it is futile to talk about reducing the scope and burden of the case if Defendants remain free to assert an unbounded number of prior art references throughout the case.

Defendants reply that Neo has already previously litigated four of the asserted patents against three other defendants in three other cases—all based on the same infringement contentions it asserts here. Defendants contend that Neo's infringement contentions are materially identical to the assertions in those cases, and that Neo already has an advanced understanding of its infringement case, the relevant invalidity defenses, and the claims it intends to take to trial.

## IV. ANALYSIS

### A. Reduction of Asserted Claims

"In determining whether to require parties [to] limit the number of claims asserted, courts look to the number of patents and claims at issue and the feasibility of trying the claims to a jury. Courts should also look

to whether the patents at issue have common genealogy, whether the patents contain terminal disclaimers, and whether the asserted claims are duplicative." *Thought, Inc. v. Oracle Corp.*, No. 12-05601, 2013 WL 5587559, at *2 (N.D. Cal. Oct. 10, 2013) (citing *In re Katz*, 639 F.3d at 1311).

Defendants provide the following chart summarizing the claims asserted in Neo's September 28 infringement contentions:

| Asserted Patent | Asserted Claims | Number of Asserted Claims |
|---|---|---|
| 8,467,366 | 1-5, 17, 20-21 | 8 |
| 10,075,941 | 8, 10, 12-13, 14 | 5 |
| 10,447,450 | 7-8, 10-11 | 4 |
| 10,771,302 | 1-2, 4-7, 23-24, 26-29 | 12 |
| 10,833,908 | 1-30 | 30 |
| 10,965,512 | 15, 20-21, 23, 28-29 | 6 |
| **Total Number of Asserted Patent Claims** | | **65** |

Def's. Mot., ECF No. 96, PageID.2793. Defendants ask the Court to require Neo to reduce the asserted claims to no more than three asserted claims per patent, for a maximum of 18 claims.

The Court agrees with Neo that Defendants' request is overly aggressive and premature at this stage. As indicated in the chart, the minimum number of claims currently asserted for any of the patents is

four. Defendants' request would require Neo to abandon at least some of the currently asserted claims from each asserted patent to reach the three asserted claims per patent. Based on this and a review of the claims in the asserted patents, the Court is not convinced that a limit should be set on a per patent basis at this stage in the litigation. However, the Court agrees with Defendants that it makes no sense for the parties to brief claim constructions and for the Court to expend time and resources construing claims that will never be tried. Accordingly, the Court will limit the total number of asserted claims. Neo can determine how the limit is distributed across the asserted patents.

Therefore, in order to secure the just, speedy and inexpensive determination of this action pursuant to Fed. R. Civ. P. 1, the Court **ORDERS** Neo to reduce the number of asserted claims to thirty-six (36) by November 28, 2022. To ensure there will be no undue prejudice to Neo, the Court will remain flexible if Neo shows good cause for additional claims. *See, e.g., Thought*, 2013 WL 5587559 at *2 ("Even after requiring parties to limit the number of claims at issue for claim construction or trial, courts should allow patent holders to bring back in non-selected claims upon a showing of 'good cause' that the non-selected claims present unique issues of infringement or invalidity.").

### B. Limit on Number of Disputed Terms

Although every word used in a claim has a meaning, not every word requires a construction. The Court fully expects the parties and their

attorneys to limit the terms they submit to those that might be unfamiliar to the jury, confusing to the jury, or affected by the specification or the prosecution history. *See United States Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) ("Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy."). To that end, the Court further **ORDERS** the parties to file notices electing no more than twenty (20) disputed claim terms for construction, including any terms purported to be indefinite. The parties should prioritize and list the terms in order of most importance; the Court will address the terms in the prioritized order presented in the briefing.

Of these 20 terms, Plaintiff is initially allocated ten (10) disputed claim terms, and Defendants collectively are initially allocated ten (10) disputed claim terms. If a side does not use its allocation, then the opposing side may use the balance. To be clear, the Court does not view "plain and ordinary meaning" as a "required" construction. In other words, if a side proposes a construction of "plain and ordinary meaning" for a disputed term, then the term will not count as one of that side's 10 allocated terms. If a party contends that more than 20 terms require construction, the party must seek leave from the Court showing good cause to exceed the limit. The motion shall not exceed 10 pages. The due

date for the INITIAL IDENTIFICATION OF DISPUTED CLAIM TERMS is changed from December 1, 2020 to December 7, 2022.

### C. Page Limit for the Claim Construction Briefing

The page limit for the Claim Construction briefing is extended to 40 pages for Plaintiff's Opening Claim Construction Briefs, 40 pages for Defendants' Responsive Claim Construction Brief, and 15 pages for Plaintiff's Reply Claim Construction Brief. A party must seek leave from the Court showing good cause to exceed these page limits.

### D. Future Reduction of Asserted Claims and Asserted Prior Art

The Court **ORDERS** the parties to meet and confer and propose a schedule by November 30, 2022 for further reducing the asserted claims and asserted prior art with the close of fact discovery and/or the service of expert reports in mind. The Court notes that Defendants represented to the Court that they "remain willing to narrow their prior art to a proportional number of primary references" given that the number of asserted claims will be reduced. Def's Repl., ECF No. 98, PageID.8091.

## V. CONCLUSION

For the reasons stated in this opinion and order, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' motion to reduce the number of asserted claims.

**IT IS SO ORDERED.**

Dated: November 18, 2022    s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE