# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE NEO WIRELESS, LLC PATENT LITIGATION** | 2:22-MD-03034-TGB<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER ON FURTHER PRIOR ART AND CLAIM NARROWING**<br><br>THIS MEMORANDUM OPINION AND ORDER RELATES TO ALL CASES |

The individual cases involved in this MDL matter are for patent infringement brought by Plaintiff Neo Wireless, LLC ("Neo" or "Plaintiff") against Defendants Ford Motor Company, American Honda Motor Co., Inc., Honda Development & Manufacturing of America, LLC, Volkswagen Group of America, Inc., Volkswagen Group Of America Chattanooga Operations, LLC, Nissan North America, Inc., Nissan Motor Acceptance Corporation a/k/a Nissan Motor Acceptance Company, LLC, Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Credit Corporation, General Motors Company, General Motors, LLC, Tesla, Inc., Mercedes-Benz USA, LLC, and FCA US, LLC (collectively "Defendants"). In all

nine cases, Neo alleges Defendants infringe six asserted patents related to LTE functionality. "LTE", which stands for "Long Term Evolution" refers to a technical standard for wireless data transmission.

The Court previously ordered the parties to meet and confer, and propose a schedule by November 30, 2022 for further reducing the asserted claims and asserted prior art. ECF No. 99 at PageID.8160. On November 30, 2022, the Court received an email from the parties. *See* Court Exhibit A. The email explained that the parties had been unable to agree on a proposal, and included arguments about the parties' positions.

As an initial matter, the Court emphasizes that email communication is not the proper means for resolving such disputes. Moreover, it appears that there may be some gamesmanship in the parties' compliance with Local Rule 7.1(a). As explained in the Court's practice guidelines, the Court requires strict compliance with L.R. 7.1(a), and may impose costs for failure to follow that rule. The Court also expects that, when ordered to meet and confer, the parties will make all reasonable efforts reach agreement, and will only seek the Court's guidance if a genuine impasse arises.

To ensure compliance of the parties and of the attorneys litigating this matter with Local Rule 7.1(a), the Court **ORDERS** Plaintiff and each Defendant to select one senior partner to lead and actively participate in all future conferences. Each Lead Attorney will be required

to certify to the Court that he or she was actively involved in the conference and that the conference met all the requirements of Local Rule 7.1(a). To that end, the parties shall file with the Court a Joint Notice indicating the Lead Attorney for each party by December 14, 2022.

Regarding the November 30, 2022 email, the Court has considered the parties' statements and positions. It appears to the Court that Defendants have not attempted to narrow the prior art to a level reciprocal to the reduction in asserted claims that Defendants requested and that the Court previously ordered. The November 30, 2022 email indicates that Defendants have currently charted 63 prior art references. Yet Defendants propose in the email to be allowed to chart 108 prior art references (Defendants other than Toyota & Nissan), or 36 charts (Defendants Toyota & Nissan). It is unclear to the Court how this amounts to any reduction in the prior art, and actually appears to be a request to expand on the prior art references.

Accordingly, for the same legal reasons stated in its Order Granting In Part and Denying In Part Defendants' Motion to Reduce Number of Asserted Claims (ECF No. 99), the Court **ORDERS** Defendants to limit their total asserted prior art references and/or products to an average of eight (8) per patent, for a total of not more than forty-eight (48) references and/or products, on or before December 16, 2022. Defendants can determine how the limit is distributed across the asserted claims.

The Court further **ORDERS** Plaintiff to reduce the number of

asserted claims to eighteen (18) two weeks after entry of the *Markman* Order.

The Court further **ORDERS** Defendants to reduce their total asserted prior art references and/or products to an average of four (4) per patent, for a total of not more than twenty-four (24), two weeks after Plaintiff reduces the number of asserted claims to 18.

To ensure there will be no undue prejudice to a party, the Court will remain flexible if a party shows good cause for additional claims or prior art references. *See, e.g., Thought, Inc. v. Oracle Corp.*, No. 12-05601, 2013 WL 5587559 at *2 (N.D. Cal. Oct. 10, 2013) ("Even after requiring parties to limit the number of claims at issue for claim construction or trial, courts should allow patent holders to bring back in non-selected claims upon a showing of 'good cause' that the non-selected claims present unique issues of infringement or invalidity.").

Finally, the due date for the Exchange Proposed Interpretations of Disputed Claim Terms in the Scheduling Order (ECF No. 84 at PageID.2581) is changed from December 15, 2022 to December 30, 2022.

**IT IS SO ORDERED.**

Dated: December 9, 2022     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE