# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE NEO WIRELESS, LLC PATENT LITIG. | 2:22-MD-03034-TGB<br><br>HON. TERRENCE G. BERG |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order:

1. **Designated Material** – Any document or thing that a producing party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – RECEIVING PARTY ONLY" ("Designated Material"). The legend or stamp shall be placed on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the legend or stamp

1

shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Designated Material.

2. **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

   a. Outside counsel of record in this Action and their support staff (e.g., copying and document management personnel).

   b. Personnel of the receiving party to the extent reasonably necessary for the litigation of this Action.

   c. Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 7 below.

   d. Deposition witnesses of the producing party whose testimony is being taken with respect to the document or thing, or about the

        subject matter of the document or thing, who (i) agree to abide by the terms of this Protective Order, (ii) are the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or (iii) are listed as a corporate designee for which the document is relevant.

    e.    Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

    f.    Anyone else to whom the designating party consents, as long as such consent is provided in writing by the designating party or its outside counsel of record.

    g.    This Court and its staff members.

3.    **Non-Disclosure of Confidential – Receiving Party Only Information** – Any Designated Material which the designating party believes should be limited solely to the receiving party (for example, settlement

communications with a particular defendant not shared with other co-defendants) may be produced with the clear and obvious designation "CONFIDENTIAL – RECEIVING PARTY ONLY." Documents produced with this designation shall be treated the same as those designated "CONFIDENTIAL," except that, with respect to paragraphs 2.a., 2.c., 2.d., and 2.e., the documents may only be shared with outside counsel, experts, deposition witnesses, or support services *of the receiving party* itself, rather than those of any party.

4. **Non-Disclosure of Highly Confidential– Attorneys' Eyes Only Information**– Any document or thing that a party reasonably and in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any document or thing produced with this designation may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the persons set forth above in Paragraphs 2.a and 2.c-2.g.

5. **Disclosure to Experts and Consultants** – Before any Designated Material is disclosed to an independent expert or consultant, the receiving party

4

shall give the producing party five business (5) days written notice of the proposed expert by providing the following information:

    a. the expert or consultant's name and the city and state of his or her primary residence;

    b. the expert or consultant's current CV;

    c. the expert or consultant's current employer(s);

    d. a list of litigation matters in which the expert has provided a report or testified (at trial or deposition) including the name and number of the case, filing date, and location of court; and

    e. a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four (4) years and a brief description of the subject matter of the consultancy or employment.

If the producing party objects to the consultant or expert, it must notify the receiving party in writing that it objects to the disclosure of the Protected Material to the consultant or expert within five business (5) days of disclosure. The parties shall first attempt to resolve their disagreement without Court intervention. If the producing party objects to the expert, no designated material or information of the

5

producing party shall be disclosed to the expert or consultant until the issue is resolved by agreement of the affected parties or by the Court. A Party that receives a timely written objection must meet and confer with the designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement within five (5) business days of the written objection. The objecting party bears the burden of moving for a protective order to prevent disclosure to the consultant or expert within 14 days from when the objecting party notifies the receiving party of its objection.

6. **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL," "CONFIDENTIAL – RECEIVING PARTY ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or a portion thereof accordingly.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7. **Motion Practice** – This Order does not authorize the filing of any documents under seal.  Local Rule 5.3 shall apply to the sealing of documents

submitted as part of a motion or other court filing. Documents may be sealed only as authorized by statute, rule, or specific order of the Court. The Court notes that the standards under Rule 26 for entering a protective order to govern discovery differ from the more demanding standards for sealing off judicial records from public view. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). There is a "strong presumption in favor of openness' regarding court records." *Id*. at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.3d 1165, 1180 (6th Cir. 1983).

    8.    **Discovery from Third Parties** – To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

        **a.**    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such

7

       documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

b.   In the event that disclosure is sought in this case of any documents, information, or other material ("Third-Party Confidential Material") that is designated as confidential, restricted, or otherwise shielded from public disclosure in whole or in part by a Protective Order or similar AGREEMENT giving rise to an obligation of confidentiality between the party from whom production is sought and one or more Third Parties ("Third-Party Protective Order"), the producing party shall as promptly as possible, and no later than the due date of the response to the request for production: (1) notify all other parties to the Third-Party Protective Order as required by the Third-Party Protective Order, (2) provide all such parties with a copy of this Protective Order, (3) initiate the

procedure provided by the Third-Party Protective Order to allow the Third-Party Confidential Material to be disclosed to the receiving party, (4) immediately notify the receiving party of the existence of the Third-Party Protective Order, and (5) provide the receiving party with a full copy of the Third-Party Protective Order.  The producing party shall bear the burden and expense of ensuring that the disclosure to the receiving party complies with the requirements of the Third-Party Protective Order.  Nothing in this paragraph should be construed as requiring the production of privileged material, nor as authorizing, encouraging, or requiring any party to disobey a lawful order or directive from another court.

9. **Challenging "Confidential" or "Highly Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil Procedure 26(c) may request in writing to the other producing party that the designation given to any Designated Material be modified or withdrawn. If the designating party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting party may apply to the Court for relief by way of

motion to this Court. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. The designating party shall have the burden of justifying its designation. Pending the Court's determination of the application, the designation of the designating party shall be maintained.

10. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

11. **Termination of Lawsuit** – All Designated Material and all copies thereof, shall within 30 days of the final disposition of this action either be (i) returned to the party that produced them or (ii) destroyed with permission of the party that produced them. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States, if applicable. This provision shall not apply to documents and

things the Court determines are not confidential. Notwithstanding this provision, outside counsel of record in this lawsuit are entitled to retain a copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute protected material remain subject to this Protective Order. Further, Counsel are not required to purge document management systems, email accounts, or backup tapes to eliminate Designated Material.

12. **Production** – Production of Designated Material by any party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

13. **Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). And, nothing in this Order shall require production of documents, information or other material that a party contends is protected from disclosure by

the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any party that produces documents, information or other material it reasonably believes are protected under the attorney client privilege, work product doctrine, or other privilege, doctrine, or immunity shall, within ten (10) business days after discovery of the disclosure, so advise the receiving party in writing, request such documents or material be returned. It is further agreed that the receiving party will return or destroy such documents or material, and all copies and derivations, within three (3) business days of the receiving party's receipt of a written request for the return of the documents or material, shall confirm to the producing party the destruction or return of such material, and shall not use, and shall immediately cease any prior use of, such material, including to assess or challenge the assertion of privilege. If the receiving party discovers the producing party may have inadvertently disclosed documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, the receiving party must immediately notify the

producing party. However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

14. **Prosecution Bar** – Unless otherwise permitted in writing between Producing Party and Receiving Party, any individual who personally receives, other than on behalf of Producing Party, any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application related to the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY disclosed material, from the time of receipt of such material through the date the individual person(s) cease to have access to materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, as well as any materials that contain or disclose the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY disclosed material. This provision shall not preclude the representation of a party involved in any post-grant proceedings, including without limitation reexamination, covered business method (CBM), inter partes review (IPR) post grant review (PGR) or opposition proceedings. If and when amending or drafting patent specifications or claims

occurs in any post-grant proceeding, any individual who personally receives, other than on behalf of Producing Party, any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be barred from future participation in that proceeding for the duration of the prosecution bar (i.e., through the date the individual ceases to have access to materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or any materials that contain or disclose the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY disclosed material).

15. **Inadvertent Failures to Designate** – An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon the producing party providing written notice of a correction of a designation made within 10 days from the discovery of the inadvertent failure to designate, the receiving party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.  The producing Party may request destruction of the inadvertently undesignated material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement protected material that is properly designated. The recipient(s) shall

then destroy all copies of the inadvertently or unintentionally produced protected materials and any documents, information or material derived from or based thereon.

16. **Safeguard** – There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities. If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve and have destroyed all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons agree to abide by the terms of this Protective Order.

17. **Reservation of Rights** –The parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and

present this Action; and (b) to apply for additional protection of Designated Material.

**SO ORDERED**

Dated: <u>February 7, 2023</u>      <u>/s/Terrence G. Berg</u>
                                     Honorable Terrence G. Berg
                                     United States District Court Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE NEO WIRELESS, LLC PATENT LITIG. | 2:22-MD-03034-TGB <br><br> HON. TERRENCE G. BERG |

## EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – RECEIVING PARTY ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – RECEIVING PARTY ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL," "CONFIDENTIAL – RECEIVING PARTY ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____          _____
                                                        [Signature]