# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: Neo Wireless, LLC<br>Patent Litigation | No. 2:22-md-03034-TGB<br><br>Hon. Terrence G. Berg<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF NEO WIRELESS LLC'S RESPONSES & OBJECTIONS TO DEFENDANTS' FIRST SET OF COMMON REQUESTS FOR PRODUCTION OF DOCUMENTS & THINGS (NOS. 1–50)**

Pursuant to Rules 26 & 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan, Plaintiff Neo Wireless LLC serves the following responses and objections to Defendants Volkswagen Group of America Inc., Volkswagen Group of America Chattanooga Operations, LLC, Nissan North America Inc., Nissan Motor Acceptance Corporation, American Honda Motor Co., Inc., Honda Development & Manufacturing of America, LLC, Ford Motor Company, Toyota Motor North America, Inc., Toyota Motor Sales USA, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Tesla, Inc., Mercedes-Benz USA, LLC, and General Motors (collectively "Defendants")' First Set of Common Requests for Production of Documents and Things (Nos. 1–50) dated August 10, 2022.

1

## **PRELIMINARY STATEMENT**

1.        Plaintiff provides these Responses to Defendants in good faith based on its investigation to date. Plaintiff will continue its investigation, analysis, discovery, and legal research in this matter and accordingly reserves the right to rely on facts, documents, legal research, or other evidence that might come to its attention at a later time. Plaintiff sets forth these responses and objections without prejudice to its right to supplement or amend them, or to assert additional objections should it discover additional information or grounds for objection. Plaintiff specifically reserves the right to supplement or amend these responses and objections at any time before trial.

2.        By producing documents, Neo Wireless does not waive and specifically reserves its right to contest and admissibility or relevance of such documents. Any inadvertent disclosure and production of information that is not relevant or is subject to other objection(s) does not waive any objection to producing such documents or to producing additional or related documents. The presence of any objection to one of the Requests does not indicate that documents responsive thereto have been withheld, or will be withheld, from discovery. As to the Requests to which Plaintiff objects, Plaintiff is willing to discuss each such Request with Defendants' counsel to determine whether any or all of the objections can be satisfied, or the Requests can be clarified or narrowed. Plaintiff makes the following general objections to

Defendants' definitions, instructions, and document requests, whether or not the objections are also separately set forth in response to each definition, instruction, or document request.

3.      Plaintiff's responses are made solely for the purposes of discovery in this Action. Nothing herein is intended to waive the following objections, which are expressly reserved including but not limited to the following objections: all objections as to competence, relevance, authenticity, propriety, materiality, and admissibility of the subject matter of the requests or documents produced in response thereto; all objections on any ground to any request for further responses to these or other discovery requests; and any and all other objections and grounds that would or could require or permit the exclusion of any information, document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at a hearing in this Action or at the time of trial.

4.      Plaintiff incorporates each and every General Objection set forth below in each response to the individually numbered document requests as if they were set forth in each response. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to the applicable Request.

5.      No incidental or implied admissions are intended by responding to the Requests herein, nor by producing documents, communications, and/or things in

3

response to the Requests herein. The fact that Plaintiff has responded to, objected to, or produced documents responsive to any Request should not be taken as an admission that Plaintiff accepts or admits the existence of any purported "fact" set forth or assumed by any Request.

### GENERAL OBJECTIONS

1.      Plaintiff objects to Defendants' definitions, instructions, and requests to the extent that they purport to impose burdens or duties upon Plaintiffs that exceed the scope of reasonable, permissible, and proportional discovery or that exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, or any other applicable rule, decision, law, or court order.

2.      Plaintiff objects to Defendants' requests to the extent that they seek information protected by, immune from, or otherwise exempt from discovery by the attorney–client privilege, common-interest privilege, any other privilege, the work-product doctrine, any applicable state or federal statutes, the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, or any other applicable rule, decision, or law. The specific objections stated below on the grounds of attorney–client privilege and/or work-product doctrine in no way limit the applicability of this objection to all Requests. Nothing contained in the responses below is intended to be, nor should be considered, a waiver of any attorney–client privilege and/or work-product doctrine, right of privacy, or any other applicable

privilege or doctrine. Inadvertent disclosure of any information that is confidential,

privileged, that was prepared in anticipation of litigation or for trial, or is otherwise

immune from discovery, shall not constitute a waiver of any privilege or any ground

for objection to discovery with respect to such information, nor of Plaintiff's right

to object to the use of any such information during this or any other ongoing or

subsequent proceeding before this Court or any other tribunal.

3.      Plaintiff objects to Defendants' definitions, instructions, and document

requests as being overly broad and unduly burdensome to the extent that they seek

the disclosure of information existing in the public domain or that is otherwise

equally available to Defendants as it is to Plaintiff.

4.      Plaintiff objects to Defendants' definitions, instructions, and document

requests as being overly broad and unduly burdensome to the extent that they seek

the disclosure of information already in the possession, custody, or control of one or

more Defendants. The production of such information is inherently duplicative and

unnecessary, particularly with respect to Requests common to all Defendants, such

as the Requests responded to herein.

5.      Plaintiff objects to Defendants' definitions, instructions, and document

requests as being overly broad and unduly burdensome to the extent that they seek

the disclosure of information in the possession, custody, or control of an entity other

than Plaintiff that is outside of Plaintiff's possession, custody, or control. Plaintiff is

not obligated to produce information outside of its possession, custody, or control. Plaintiff will supplement its Responses to Defendants' Requests with newly discovered evidence arising in the course of Plaintiff's investigation in keeping with Plaintiff's discovery obligations.

6.      Plaintiff objects to Defendants' Requests to the extent that they request information that is irrelevant to, or not proportional to the needs of, the case.

7.      Plaintiff objects to Defendants' Requests to the extent that they seek information relating to "Related Patents," as such patents are not at issue in this Action and any such information is necessarily irrelevant to the claims, defenses, allegations, and issues raised in this Action.

8.      Plaintiff objects to Defendants' Requests to the extent they request information for time periods beyond those relevant to issues raised by the claims and defenses in this case as any such Requests are overly broad, unduly burdensome and without merit or foundation by virtue of seeking information that is not relevant or proportional to the needs of this Action.

9.      Plaintiff objects to Defendants' Requests to the extent that they seek "all documents" and/or "all things" concerning a given subject. The scope of such Requests necessarily includes documents and things that are not reasonably accessible or otherwise discoverable. Plaintiff will comply with the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, and this Court's

orders, and will use reasonable diligence to locate documents based upon the examination of those files reasonably expected to yield responsive documents and/or things.

10.    Plaintiff objects to Defendants' definition of "Plaintiff," "You," "Your," "Yours," and "Neo" to the extent said definition seeks to require Plaintiff to disclose information that is subject to attorney–client privilege, work-product protection, the common-interest doctrine, or any other applicable privilege, protection, or immunity. Plaintiff further objects to this definition as overly broad and calling for information that is neither relevant to this case nor reasonably calculated to lead to the discovery of relevant information. Plaintiff specifically objects to this definition, and Defendants' Requests construed under said definition, as overly broad and unduly burdensome to the extent they purport to require Plaintiff to provide Responses on behalf of any entity or person other than Neo Wireless LLC.

11.    Plaintiff objects to Defendants' definition of the word "Defendants" as unduly vague insofar as it purports to include "any other defendant…later added as a party to This Action." Plaintiff is unable to provide information pertaining to hypothetical parties where the decision to add one or more such parties (if any exist) has not yet been made. In the event that one or more additional defendants are added to the litigation, Plaintiff will update its Responses accordingly. Plaintiff further objects to Defendants' definition of the word "Defendants" insofar as it fails to

7

include all Defendants currently involved in this Action. Any production made pursuant to these Requests is done solely with the understanding that all parties to this Action are bound by the same discovery limitations and deadlines.

12.     Plaintiff objects to Defendants' definition of "prior art" to the extent that it seeks to eliminate Defendants' burden of establishing by clear and convincing evidence that alleged prior art is prior art under 35 U.S.C. §§ 102 or 103. Plaintiff further objects to the definition to the extent that is seeks to eliminate the distinctions within the subsections of 35 U.S.C. §§ 102 or 103. Plaintiff further objects to the definition's inclusion of prior art under the pre-AIA *and* AIA versions of §§ 102 & 103 as seeking irrelevant information to the extent that only one version of the relevant statutes applies to any given patent. Plaintiff understands this definition as referring to prior art as defined by pre-AIA §§ 102 and/or 103 with respect to any asserted claims having an effective filing date on or before March 15, 2013 and as referring to prior art as defined by AIA §§ 102 and/or 103 with respect to any asserted claims having an effective filing date on or after March 16, 2013.

13.     Plaintiff objects to Defendants' instruction that "these Requests cover all time periods from the first creation of any of the documents and/or things requested" to the extent that it seeks production of documents and/or things outside of the relevant temporal scope of the issues in this Action.

Plaintiff objects to this Request as unduly burdensome in seeking Documents or Things equally accessible to Defendants or already available in the public domain. Plaintiff objects to this Request as prematurely seeking expert analysis and expert testimony prior to the dates set forth by the Court.

Subject to the foregoing objections, Plaintiff agrees to conduct a reasonable search and produce relevant, responsive, non-privileged documents within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Things constituting or relating to negotiations to license any of the Asserted Patents, whether or not a license agreement was executed.

**RESPONSE:**

In addition to its General Objections, Plaintiff objects to this Request as seeking information protected by the attorney–client privilege, work-product protection, or other privileges, protections or immunities. Plaintiff objects to this Request as unduly burdensome in seeking information protected by third party confidentiality provisions or Federal Rule of Evidence 408. Plaintiff objects to this Request to the extent that it seeks unconsummated information pertaining to ongoing licensing negotiations to which Plaintiff is a party and is therefore not relevant or reliable in the final reasonable royalty. Plaintiff objects to this Request to the extent that it seeks Documents or Things outside of Plaintiff's possession, custody, or control. Plaintiff further objects to this Request as overly broad, unduly burdensome,

and seeking information outside of the scope of permissible discovery in seeking documents and things relating to negotiations of unconsummated licenses, which several courts have held are not within the scope of permissible discovery absent a heightened showing of necessity. *See, e.g., Daedalus Blue, LLC v. Microsoft Corp.,* 2022 WL 301076, *2–3 (W.D. Tex. Aug. 1, 2022); *Sol IP, LLC v. AT&T Mobility, Inc.,* 2020 WL 60140, at *3 (E.D. Tex. Jan. 6, 2020); *Mondis Tech., Ltd. v. LG Elecs., Inc.,* 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011); *Bergstrom, Inc. v. Glacier Bay, Inc.,* 2010 WL 257253, at *2–3 (N.D. Ill. Jan. 22, 2010). Plaintiff objects to this Request to the extent it is inconsistent with the Court's ESI Order.

Subject to the foregoing objections, Plaintiff will conduct a reasonable search and produce relevant, responsive, non-privileged documents and things pertaining to negotiations to consummated license agreements.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Things relating to any Communications between any Person or entity and any Standards Setting Organization regarding the Asserted Patents.

**RESPONSE:**

In addition to its General Objections, Plaintiff objects to this Request as not proportional to the needs of this case in seeking discovery of information that is irrelevant to any party's claim or defense in this case. Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case in seeking "all Documents and Things" relating to "any Communications between

57

*any Person or entity* and *any* Standards Setting Organization," which necessarily includes documents that are not reasonably accessible or otherwise discoverable. Plaintiff objects to this Request as seeking information outside of Plaintiff's possession, custody, or control. Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case in seeking production of information relating to communications made by someone other than Plaintiff. Plaintiff objects to this Request as unduly burdensome in seeking information covered by third-party confidentiality provisions. Plaintiff objects to this Request to the extent it is inconsistent with the Court's ESI Order.

Subject to the foregoing objections, Plaintiff agrees to conduct a reasonable search and produce relevant, responsive, non-privileged documents within Plaintiff's possession, custody, or control consistent with the Court's ESI Order.

DATED: September 9, 2022        Respectfully submitted,

                                      /s/ *Jason D. Cassady*
                                      Jason D. Cassady
                                      Texas State Bar No. 24045625
                                      Email: jcassady@caldwellcc.com
                                      Christopher S. Stewart
                                      Texas State Bar No. 24079399
                                      Email: cstewart@caldwellcc.com
                                      Daniel R. Pearson
                                      Texas State Bar No. 24070398
                                      Email: dpearson@caldwellcc.com
                                      Bailey A. Blaies
                                      Texas State Bar No. 24109297

58

Email: bblaies@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Jaye Quadrozzi (P71646)
Email: quadrozzi@youngpc.com
**YOUNG, GARCIA & QUADROZZI, PC**
2775 Stansbury Blvd., Suite 125
Farmington Hills, Michigan 48334
Telephone: (248) 353-8620

**ATTORNEYS FOR PLAINTIFF NEO WIRELESS LLC**

## CERTIFICATE OF SERVICE

I certify that counsel of record is being served with a copy of the foregoing

document via electronic mail on September 9, 2022.

*/s/ Jason D. Cassady*
Jason D. Cassady

59