# EXHIBIT E

| | |
|---|---|
| **From:** | Chris Stewart |
| **To:** | Liz Ranks; John S. LeRoy; Conrad Gosen; neowireless@caldwellcc.com |
| **Cc:** | DL_Nissan-Neo@jenner.com; dla-toyota-neowireless@us.dlapiper.com; FCA-Neo@Venable.com; MercedesNeoWireless@hoganlovells.com; [SERVICE] GM/Neo; Service-Honda/Neo; [SERVICE] Tesla/Neo; quadrozzi@youngpc.com; VW-Neo@sternekessler.com; FMCL0315L@brookskushman.com; pmodi@jenner.com |
| **Subject:** | RE: In re Neo Wireless - MDL-wide Discovery Issues |
| **Date:** | Tuesday, September 12, 2023 6:29:24 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png |

Counsel for defendants,

Based on the clarification below, can y'all let me know if any defendant still disputes/refuses to produce the vehicle connectivity pricing info that is the subject of the hearing tomorrow? If there's no dispute there, we'd just be down to the infotainment issue and the data monetization issue.

On the Avanci issue, I wanted to make one more pass at resolving it or at least crystallizing the dispute. We object to Defendants' attempt to prematurely shoehorn this issue into the hearing, without fully conferring or following any of the agreed-upon procedures for email discovery or privilege logs. But nevertheless, to avoid burdening the Court with a purely hypothetical dispute, we went ahead and did a preliminary review of the impacted emails and documents. I can now confirm the following:

- Consistent with what I agreed to below, we will (at the appropriate time) produce all communications exchanged with Avanci regarding Neo potentially joining the Avanci patent pool/MLMA, and will not withhold any of those communications on privilege/immunity grounds (subject to our non-waiver agreement and admissibility objections), with one exception.
- The one exception: we will not produce the infringement claim charts/analyses that were shared with Avanci by email. Those charts were prepared by Neo with counsel in anticipation of litigation, and were shared with Avanci under NDA or with an expectation of confidentiality. Work product protection is not waived by sharing confidentially with a non-adversary in these circumstances.
- Finally, while we've focused our discussions on Neo's negotiations about joining Avanci's patent pool (because that's what you've asked for), Defendants also know that Avanci was later involved in distinct discussions about a possible group resolution of this litigation. So to make clear where the disputes lie, I can tell you we will withhold as privileged/work product any communications between Neo and Avanci about that subsequent group settlement.

Let me know if this resolves the dispute.

Thanks,
Chris


Chris Stewart | Caldwell Cassady Curry PC