UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE NEO WIRELESS, LLC PATENT LITIGATION** | **2:22-MD-03034-TGB**<br><br>**HON. TERRENCE G. BERG**<br><br>**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 201)**<br><br>**THIS MEMORANDUM OPINION AND ORDER RELATES TO ALL CASES** |

Plaintiff Neo Wireless, LLC ("Plaintiff" or "Neo") has filed a Motion for Reconsideration of the Court's Indefiniteness Determination. ECF No. 201. Defendants[1] joined in filing their Opposition. ECF No. 202.

On June 21, 2023, the Court held a hearing to determine the proper construction of the disputed claim terms in U.S. Pat. No. 8,467,366 (the "'366 Patent"); U.S. Pat. No. 10,833,908 (the "'908 Patent"); U.S. Pat. No.

---

[1] Defendants include Ford Motor Company, American Honda Motor Co., Inc., Honda Development & Manufacturing of America, LLC, Volkswagen Group of America, Inc., Volkswagen Group Of America Chattanooga Operations, LLC, Nissan North America, Inc., Nissan Motor Acceptance Corporation a/k/a Nissan Motor Acceptance Company, LLC, Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Credit Corporation, General Motors Company, General Motors, LLC, Tesla, Inc., and FCA US, LLC (collectively "Defendants").

10,447,450 (the "'450 Patent"); U.S. Pat. No. 10,075,941 (the "'941 Patent"; U.S. Pat. No. 10,771,302 (the "'302 Patent"); and U.S. Pat. No. 10,965,512 (the "'512 Patent") (collectively "Asserted Patents").

On November 20, 2023, the Court entered a Claim Construction Order construing the disputed claim terms identified by the parties, pursuant to the procedure set forth in *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). ECF No. 198. In the Order, the Court provided analysis for its indefiniteness determination for the disputed phrase "low peak-to-average power ratio in the time domain" recited in Claims 1 and 17 of the '366 Patent. *Id.*, PageID.11570–79. Neo moves the Court for reconsideration of this determination pursuant to EDMI Local Rule 7.1(h)(2)(A).

Neo argues that the Court erred by requiring the specification to expressly state a specific threshold or comparator for evaluating a term of degree. ECF No. 201, PageID.11661–64. Neo also argues that the Court "appears" to have adopted a rule that a single, uniform industry standard is required for term to be definite. *Id.* at PageID.11664–65. Finally, Neo contends that the Court failed to consider and give effect to unrebutted evidence that a person of skill in the art ("POSA") in this field would know what the '366 Patent intended by a "low" peak-to-average power ratio ("PAPR"). *Id.*, PageID.11665–68.

The Court finds that Neo has not presented "[a]n intervening change in controlling law," "new facts warrant[ing] a different outcome,"

or a "mistake" as required by the Local Rules to justify reconsideration. L.R. 7.1(h)(2)(A–C). Neo's motion proffers the same attorney argument, case law, and extrinsic evidence that it previously presented as supporting its position. Thus, the Court finds that Neo's motion is an improper attempt at re-arguing its rejected claim construction arguments. *Evans v. City of Ann Arbor*, No. 21-10575, 2022 U.S. Dist. LEXIS 134314, at *3 (E.D. Mich. July 28, 2022) ("[M]otions for reconsideration are not an opportunity to re-argue a case, present new arguments, or otherwise relitigate issues that the court previously considered.").

At the outset, the Court notes that the parties agree that the phrase "low peak-to-average power ratio in the time domain" is a term of degree. Neo concedes that the Court correctly stated that the legal standard for indefiniteness requires that "the claims must 'inform those skilled in the art about the scope of the invention with reasonable certainty,' in light of the specification and prosecution history." ECF No. 198, PageID.11572 (citing *Nautilus Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 910 (2014)). The Court further noted that this requires that "[t]he claims, when read in light of the specification and the prosecution history, must provide objective boundaries for those of skill in the art." *Id.*, PageID.11572–73 (citing *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014)).

Contrary to Neo's contention, the Court did not require the intrinsic

evidence to expressly state a specific threshold or comparator for the disputed term to be definite. Likewise, the Court did not adopt a rule that a single, uniform industry standard is required for term to be definite. Indeed, the Court did not adopt the reasoning of the patent examiner, but instead found the examiner's reasoning persuasive. ECF No. 198, PageID.11578. In other words, the examiner's reasoning was only part of the evidence considered by the Court in making its indefiniteness determination. The Court analyzed all of the evidence presented by the parties, both intrinsic and extrinsic, and concluded that "neither the intrinsic [n]or extrinsic evidence provides objective boundaries for the term 'low peak-to-average power ratio.'" *Id.* at PageID.11576–79.

To be sure, the Court considered Mr. Alberth's testimony using the proper legal standard for indefiniteness. *Id.* at PageID.11578–79. As the Court determined, Mr. Alberth's interpretation of one set of data is not an objective boundary for determining what qualifies as a low peak-to-average-power-ratio or "PAPR." *Id.* Moreover, Neo's argument that Defendants' expert, Dr. Akl, did not rebut Mr. Alberth's testimony is incorrect. *See* ECF No. 131-2, ¶¶ 35–55 (Decl. of Dr. Robert Akl).

In summary, the Court understands that Neo disagrees with the Court's indefiniteness determination for the disputed phrase "the ranging signal exhibits a low peak-to-average power ratio in the time domain." Neo's disagreement, however, does not mean that the Court committed an error that warrants reconsideration. For these reasons,

Neo's motion for reconsideration is **DENIED**.

    **IT IS SO ORDERED.**

Dated: January 22, 2024    /s/Terrence G. Berg
                                              TERRENCE G. BERG
                                              UNITED STATES DISTRICT JUDGE