UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE NEO WIRELESS, LLC PATENT LITIGATION** | 2:22-MD-03034-TGB<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER DENYING JOINT MOTION TO STAY PENDING *INTER PARTES* REVIEW (ECF NO. 145)**<br><br>**THIS MEMORANDUM OPINION AND ORDER RELATES TO ALL CASES** |

Pending before the Court is the Joint Motion to Stay Pending *Inter Partes* Review of the Asserted Patents (the "Motion") filed by Defendants Ford Motor Company, American Honda Motor Co., Inc., Honda Development & Manufacturing of America, LLC, Nissan North America, Inc., Nissan Motor Acceptance Corporation a/k/a Nissan Motor Acceptance Company, LLC, Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Credit Corporation, General Motors Company, General Motors, LLC, Tesla, Inc., and FCA US, LLC (collectively "Defendants").[1] ECF No. 145.

---

[1] Defendant Mercedes-Benz USA, LLC was dismissed from the case on June 29, 2023. ECF No. 162. Defendants Volkswagen Group of America, Inc. and Volkswagen Group of America Chattanooga Operations, LLC

Plaintiff Neo Wireless, LLC's ("Plaintiff" or "Neo") filed an Opposition. ECF No. 148. Defendants filed a Reply. ECF No. 149. For the reasons stated in this opinion and order, the Court **DENIES** Defendants' Joint Motion to Stay *Pending Inter Partes* Review of the Asserted Patents.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

This multidistrict litigation ("MDL") was transferred to this Court in June 2022. ECF No. 1. Plaintiff alleges that Defendants infringe: U.S. Pat. No. 10,833,908 (the "'908 Patent"); U.S. Pat. No. 10,447,450 (the "'450 Patent"); U.S. Pat. No. 10,075,941 (the "'941 Patent"); and U.S. Pat. No. 10,771,302 (the "'302 Patent") (collectively "Asserted Patents").[3]

Between September 2022 and January 2023, Defendants filed a number of petitions for *inter partes* review ("IPR") for the Asserted Patents.[4] A number of the petitions were denied or terminated per the parties' agreement, while petitions were granted for the '941 Patent and

---

were dismissed from the case on January 11, 2024. ECF No. 226.

[2] On February 2, 2024, Defendants emailed the Court requesting an opportunity to supplement the briefing on the Motion, and to request a hearing on the Motion. The Court finds that a hearing and supplemental briefing is unnecessary, and decides the Motion on the briefs and procedural background of the case.

[3] The Court concluded that a disputed term in the Asserted Claims in U.S. Pat. No. 8,467,366 (the "'366 Patent") is indefinite. ECF No. 198, PageID.11579. U.S. Pat. No. 10,965,512 (the "'512 Patent") was dismissed at the request of the parties on January 23, 2024. ECF No. 223.

[4] *See* Status Update of Inter Partes Review (IPR) Post-Grant Proceedings. ECF Nos. 101, 121, 140, 152, 153, 179, 186, 194, 195, 197.

the '450 Patent. The petition for the '941 Patent was granted on May 5, 2023, and the U.S. Patent Trial and Appeal Board ("PTAB") must make a final determination by May 5, 2024, excluding any extension. The petition for the '450 Patent was granted on May 4, 2023, and the PTAB must make a final determination by May 4, 2024, excluding any extension. Parties seek a stay pending the PTAB's determination of these petitions.

The petitions for the '908 Patent and the '302 Patent were denied. After the petitions were denied, one defendant then filed an *ex parte* reexamination request. The reexamination request was granted for the '908 Patent on January 2, 2024, and for the '302 Patent on October 23, 2023.

Regarding the stage of the MDL, the Court held a claim construction hearing on June 21, 2023, and issued a Claim Construction Memorandum and Order construing fourteen terms/phrases on November 20, 2023. ECF 198. The current deadline to complete fact discovery was February 12, 2024, and expert reports are due to be exchanged beginning on March 11, 2024. *See* January 25, 2024 Text Order Granting ECF No. 220-1.

## II.　ANALYSIS

### A. Standard of Review

Courts have "broad discretion to determine whether a stay is appropriate" pending *inter partes* review. *Regents of the Univ. v. St. Jude*

*Med., Inc.*, No. 12-12908, 2013 U.S. Dist. LEXIS 76845, at *5 (E.D. Mich. May 31, 2013); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Determining the best way to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The party seeking a stay has the "burden of showing that the circumstances justify the exercise of that discretion." *Everlight Elecs. Co. v. Nichia Corp.*, Civil Action No. 12-11758, 2013 U.S. Dist. LEXIS 61666, at *18 (E.D. Mich. Apr. 30, 2013).

Courts consider three factors in determining whether to grant a stay: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Regents of the Univ. v. St. Jude Med., Inc.*, No. 12-12908, 2013 U.S. Dist. LEXIS 76845, at *5 (E.D. Mich. May 31, 2013).

### B. Discussion

After reviewing the parties' arguments, the Court finds that a stay is not appropriate for the following reasons.

#### 1. The Stage of This Litigation Disfavors a Stay.

When the Motion was originally filed, Defendants argued that fact discovery was ongoing, and that the parties had not taken any

depositions of each other or completed document production. ECF No. 145, PageID.10410–11.[5] Defendants further argue that these cases were consolidated to promote efficiency, reduce conflicting rulings, and conserve the parties' and Court's resources. ECF No. 145, PageID.10411. According to Defendants, a failure to stay this MDL case would frustrate, rather than promote, those goals. *Id.*

Plaintiff argues that this case is now far from an "efficient stopping point." ECF No. 148, PageID.10686 (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019)). At the time the Motion was filed, Plaintiff argued that the stage of this case represents over a year of complex, time-intensive work to consolidate nine cases into one MDL, conduct extensive and complicated discovery, and submit complete claim construction briefing. ECF No. 148, PageID.10686–87. Plaintiff further argues that the parties have also engaged, with the Court's encouragement, in extensive settlement discussions, resulting in the successful settlement of Neo's claims as to one defendant on June 6, 2023. ECF No. 148, PageID.10687 (citing ECF No. 147). After the motion was filed, another defendant settled on January 11, 2024. ECF No. 226.

---

[5] Citations to the parties' filings are to the filing's number in the docket (ECF No.) and pin cites are to the PageID numbers assigned by the Court's electronic filing system.

Considering the current posture of this case, the Court concludes that Plaintiff's position is correct. The present stage of the case weighs against a stay, especially in this unique MDL context. Defendants filed the motion in May 2023. Since then, the Court held a claim construction hearing and issued a Claim Construction Memorandum and Order construing fourteen terms/phrases in the Asserted Patents. ECF No. 198. Fact discovery is complete or near completion, and expert reports are due to be exchanged beginning on March 11, 2024. *See* January 25, 2024 Text Order Granting ECF 220-1. At this stage, a stay would do nothing more than draw out the time before the MDL cases are remanded back to their courts of origin. Accordingly, this factor weighs against a stay.

### 2. A Stay Will Unduly Prejudice Plaintiff.

Defendants argue that a stay pending the completion of the IPR proceedings will not prejudice Plaintiff. ECF No. 145, PageID.10420. Defendants contend that Plaintiff does not make or sell any products, does not practice the technology, had no role in developing the patented technology, and has no business activities relating to developing technology or making or selling any product. *Id.* Defendants further argue that Plaintiff is backed by a litigation funding entity that exists to assert patents it holds in its portfolio in hopes of a financial return. *Id.* Defendants also argue that Plaintiff delayed in bringing these suits for more than two years. ECF No. 145, PageID.10421.

The Court cautioned Defendants that it views stays pending IPR as "extremely disruptive" and "not … very effective [] in terms of helping the parties resolve anything," as the process "introduces more delay and the parties end up raising similar arguments before the Court[.]" July 7, 2023 Status Conference Hr'g Tr., ECF No. 56, PageID.2176–77. Ford and Honda waited to file their respective IPRs until the latest possible moment under the one-year time bar. Furthermore, Plaintiff represents to the Court that Defendants refused to confirm whether they intended to file any additional IPRs or to agree not to seek an extension of any stay based on IPRs that may be filed by additional third parties. ECF No. 148, PageID.10700.

Likewise, one Defendant waited until after the IPR petitions were denied for the '908 Patent and the '302 Patent before filing reexamination requests. Defendants' staging of IPRs and reexamination requests provide Defendants with the tactical advantage of enabling the longest possible stay, a tactic that is unduly prejudicial to Plaintiff.

Finally, a stay prejudices Plaintiff's interest in obtaining an expeditious resolution of its case. *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989) (illustrating the Federal Circuit's long held position that there is strong public policy in favoring expeditious resolution of litigation). Indeed, "the mere fact that [a plaintiff] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date." *Rembrandt*

*Wireless Techs., LP v. Samsung Elecs. Co.*, No. 13-213, 2015 U.S. Dist. LEXIS 20303, at *9 (E.D. Tex. Jan. 29, 2015). Accordingly, this factor weighs against a stay.

### 3. A Stay is Unlikely to Simplify the Issues in this Case.

Defendants argue that a stay will avoid waste of judicial resources. ECF No. 145, PageID.10416. Defendants contend that a stay will avoid wasteful discovery and will also allow the parties and the Court to consider statements made to the Patent Office when analyzing the scope of claims. ECF No. 145, PageID.10416–18. Defendants also argue that if a stay is not instituted now, the parties and the Court will likely have to redo portions of the case. ECF No. 145, PageID.10418.

Plaintiff responds that four of the six asserted patents have previously defied IPR challenges by other petitioners. ECF No. 148, PageID.10695. Plaintiff also argues that Defendants' projected simplification is one-sided. ECF No. 148, PageID.10696. Plaintiff further contends that the PTAB rulings will not resolve the other defenses raised by Defendants, including waiver, estoppel, lack of statutory subject matter under 35 U.S.C. § 101, prosecution laches, and other equitable defenses. ECF No. 148, PageID.10697.

Contrary to Defendants' argument, the Court agrees with Plaintiff that any remaining fact discovery, including the discovery required from third parties, and most expert discovery will remain largely unchanged

by any IPR decisions. All six originally asserted patents share the same inventors, meaning no depositions will be wasted even if some patents are ultimately cancelled.

Moreover, there will not be a waste of judicial resources because the parties have exchanged detailed infringement, invalidity, and non-infringement/validity contentions, and the Court has provided a claim construction order. Moreover, two defendants have settled their disputes with Plaintiff. ECF Nos. 162, 226. Likewise, the Court concluded that a disputed term in the Asserted Claims in the '366 Patent is indefinite. ECF No. 198. In addition, the parties stipulated to dismissing the '512 Patent, and terminating their respective IPR proceedings. ECF No. 219.

The Court questions whether these efficiencies would have been realized if the MDL had been stayed, particularly at the time Defendants originally requested the stay. By proceeding with the MDL, the remaining parties can use the pending IPRs as guidance in further narrowing their respective cases and do their best to avoid the likelihood of any wasted effort.

In the meantime, the parties and the Court will fully and efficiently litigate all of Defendants' defenses for each patent, such that—regardless of what happens in the IPRs—the cases will stand ready for trial, or continue to progress towards possible settlement. Accordingly, the Court finds that a stay pending IPR would not simplify the issues in this case at this juncture.

Indeed, at the request of Defendants, the Court permitted the parties to file supplemental briefing for disputed terms in the '512 Patent and '941 Patent based on two decisions of the PTAB, which occurred after the claim construction briefing. June 6, 2023 Text Order. The Court reviewed the supplemental briefing, and it did not appear to cite to any new statements made by Plaintiff since the claim construction briefing was originally filed. ECF Nos. 150, 151, 154, 155. Instead, the briefing only cited to statements made by the PTAB in its Decision Granting Institution of IPR. Thus, contrary to Defendants' contention, the IPRs have yet to yield a host of new claim construction fights. Accordingly, this factor weighs against a stay.

### III.  CONCLUSION

For the foregoing reasons, the Joint Motion to Stay Pending *Inter Partes* Review of the Asserted Patents, ECF No. 145, is **DENIED**.

**It is SO ORDERED.**

Dated: February 20, 2024   /s/Terrence G. Berg
  HON. TERRENCE G. BERG
  UNITED STATES DISTRICT JUDGE