UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE NEO WIRELESS, LLC PATENT LITIGATION** | 2:22-MD-03034-TGB<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' UNTIMELY PRIOR ART ELECTIONS (ECF NO. 209)**<br>**THIS MEMORANDUM OPINION AND ORDER RELATES TO ALL CASES** |

Plaintiff Neo Wireless, LLC's ("Plaintiff" or "Neo") has filed a Motion to Strike Defendants' Untimely Prior Art Elections. (ECF No. 209). Defendants[1] filed an Opposition. (ECF No. 215), and Neo has filed a reply. (ECF No. 217).

## I. PROCEDURAL HISTORY

Neo requests the Court to strike Defendants' recently disclosed

---

[1] Defendants include Ford Motor Company, American Honda Motor Co., Inc., Honda Development & Manufacturing of America, LLC, Nissan North America, Inc., Nissan Motor Acceptance Corporation a/k/a Nissan Motor Acceptance Company, LLC, Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Credit Corporation, General Motors Company, General Motors, LLC, Tesla, Inc., and FCA US, LLC.

invalidity theories based on the "Project Angel" reference. Because this issue turns in large part on the chronological record, the following summary of the relevant dates and related events is provided based on the facts provided in the parties' briefing:

| Date | Event |
|---|---|
| 8/10/2022 | Fact discovery opens. (ECF No. 209, PageID.11836). |
| 10/21/2022 | Defendants file motion to reduce the number of asserted patent claims to no more than three claims per patent-in-suit identified in its infringement contentions by November 23, 2022. (ECF No. 96). |
| 11/16/2022 | Defendants provide initial invalidity contentions. "Project Angel" was identified, but it was not among the 63 claim charts that set forth Defendants' invalidity contentions. (ECF 209, PageID.11835–36). |
| 11/18/2022 | Court Grants in Part and Denies in Part Defendants' motion to reduce the number of asserted claims. (ECF No. 99). |
| 12/2022 | Defendants amend their defenses and counterclaims to plead unenforceability of the asserted patents based on Project Angel. (ECF No. 215, PageID.11981). |
| 12/9/2022 | Court Orders Defendants to reduce their total asserted prior art references and/or products to an average of four (4) per patent, for a total of not more than twenty-four (24), two weeks after Plaintiff reduces the number of asserted claims to 18. (ECF No. 102). |
| 12/16/2022 | Defendants elect 48 references. Defendants did not provide a claim chart for Project Angel, and did not elect it as one of their 48 references. (ECF No. 209, PageID.11836; ECF No. 215, PageID.11992). |
| 3/1/2023 | Neo sends letter to Defendants contending that Defendants have waived any ability to add new references. (ECF No. 209, PageID.11837) (citing ECF No. 209-4). |
| 3/8/2023 | Defendants serve subpoena to AT&T Mobility LLC ("AT&T") relating to Project Angel. (ECF No. 209-5). |
| 3/22/2023 | Neo sends an email objecting to AT&T subpoena. (ECF No. |

| | |
|---|---|
| | 209, PageID.11837) (citing ECF No. 209-6). |
| 5/2023 | AT&T produces documents pursuant to subpoena. (ECF No. 215, PageID.11990). |
| 5/2023 | Defendants serve subpoenas on the third-party named inventors of Neo's asserted patents: Titus Lo, Ruifeng Wang, Xiaodong Li, Kemin Li, and Haiming Huang. (ECF No. 215, PageID.11990). |
| 5/1/2023 | Defendants supplement their invalidity contentions, but do not include Project Angel. Defendants maintain that Project Angel rendered the asserted patent claims invalid and unenforceable. (ECF No. 215, PageID.11990). |
| 6/15/2023 | Defendants subpoena third parties CFIP NCF Holdings LLC; Neocific, Inc.; Walbell Technologies, Inc.; and Waltical Solutions, Inc. (ECF No. 215, PageID.11991). |
| 6/28/2023 | Defendants depose Inventor Titus Lo about Project Angel. (ECF No. 215, PageID.11991). |
| 8/1/2023 | Defendants depose inventor Ruifeng Wang. (ECF No. 215, PageID.11991). |
| 9/13/2023 | AT&T produces more documents pursuant to subpoena. (ECF No. 209, PageID.11837). |
| 11/20/2023 | Court issues its Claim Construction Order (ECF No. 198). |
| 12/18/2023 | Defendants required to reduce 48 prior art references to no more than 16 (4 per patent). (ECF No. 209, PageID.11833). |
| 12/20/2023 | Defendants provide invalidity contentions that include claim charts for Project Angel, which was not previously charted. (ECF No. 209, PageID.11833). |
| 3/25/2024 | Due date for Neo's rebuttal expert report on Project Angel. (ECF No. 215, PageID.11997). |

Based on the briefing of the parties, these dates and events as listed are uncontested.

## II.  LEGAL STANDARDS

"[T]he heart of the inquiry is whether a party should be barred from relying on certain theories first proffered late in the litigation, of which the opposing party has not fairly been apprised. The analysis invariably

has both a good cause/diligence and a prejudice component." *Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, No. 16-13456, 2019 U.S. Dist. LEXIS 84695, at *5 (E.D. Mich. May 20, 2019) (Borman, J.). Here, the parties' Joint Scheduling Order requires that:

> [e]ach party shall *seasonably amend* any … invalidity contention … upon learning that the contention is incomplete or incorrect. The parties should conduct *timely discovery* so that these contentions can be updated *as soon as possible*. Any amendment to a party's … invalidity contentions *must be timely made* but in no event later than one month after the Court's claim construction ruling.

(ECF No. 84, PageID.2599–600) (emphases added). In other words, while December 20, 2023 (one month after the Court's Markman order) was an absolute deadline, it did not absolve Defendants from seeking timely discovery and seasonably amending contentions in the months beforehand.

### III.   ARGUMENTS AND ANALYSIS

The Court agrees with Neo that Defendants' efforts to conduct third-party discovery on Project Angel, as it relates to Defendants' invalidity charting, have not been timely and diligent. Defendants knew about Project Angel from the outset of the case, made it a focal point of several charged unenforceability theories, but opted not to pursue discovery diligently to prove that it invalidated any of the asserted claim

elements.[2] Defendants did not begin inquiring into potential invalidity evidence upon which to base their contentions until seven months into fact discovery, and four months after their initial invalidity contentions were due. The Court finds this is a lack of diligence given that Defendants have known of this reference for so long.

This is especially significant given that it was Defendants that demanded a scheduled narrowing of Neo's claims just over two months into discovery. (ECF No. 96). In demanding this scheduled narrowing, Defendants argued that, absent a requirement that Neo make a definite claim election at the outset of the case, Neo would wait for the Court's claim construction order, and then abandon those claims and select from its remaining bevy of available claims to take to trial. (ECF No. 96, PageID.2797). This is quite comparable to what Defendants have now done. They waited for Neo to narrow its infringement case, for claim construction proceedings to conclude, for fact discovery to reach its end, and for the Patent Office actions to play out, only to now add an uncharted prior art reference and thereby gain the kind of unfair advantage that they contended Neo was intent on obtaining.

---

[2] As correctly noted by Defendants, Neo did not move to strike Project Angel as it relates to Defendants' unenforceability counterclaims. (ECF No. 215, PageID.11989 n.2). Neo does not contest that Defendants pled unenforceability in their amended answers and counterclaims, which indicates that a motion to strike Project Angel for good cause or prejudice as it relates to these counterclaims would likely be futile. As for the merits of Defendants' unenforceability counterclaims, that issue is not before the Court.

In their Motion for narrowing, Defendants also downplayed the prejudice to Neo specifically because "Neo will already have received Defendants' invalidity contentions" and "Neo will have a full opportunity to evaluate the scope and strength of its triable case prior to engaging in the claim construction process." (ECF No. 96, PageID.2802–03). As indicated above, those initial invalidity contentions did not contain charted theories based on the newly elected Project Angel. Thus, allowing Project Angel would cause exactly the prejudice Defendants assured the Court would not occur with the claim narrowing they requested.

Defendants contend that they needed third-party discovery to be able to evaluate and chart this reference (ECF No. 215, PageID.11984–85, PageID.11992–93). Defendants' contention ignores the case schedule. Fact discovery opened on August 10, 2022. Defendants had over three months to conduct the necessary third-party discovery to complete their invalidity contentions by the November 16, 2022 deadline. Yet Defendants did not serve a subpoena on AT&T in those three months.

More importantly, when Defendants narrowed their prior art to 48 references on December 16, 2022, Defendants still did not provide a claim chart for Project Angel, and did not elect it as one of their 48 references. Defendants argue that Neo admits that Project Angel was identified in Defendants' initial invalidating contentions in November 2022. (ECF No. 215, PageID.11986) (citing ECF No. 209, PageID.11835). However, it is not disputed that Project Angel was not among the 63 claim charts

provided by Defendants wherein they set forth their actual invalidity contentions, as required by the Court's Discovery Order. (ECF No. 84, PageID.2598–99). It is unreasonable to suggest that Neo had sufficient notice of Defendants' contentions by these early disclosures when Defendants did not elect it as one of their 48 references. Thus, Defendants' decision to not elect Project Angel as one of their 48 references communicated to Neo that it was not relevant to an invalidity contention.

Likewise, it was not until seven months into discovery that Defendants served a subpoena to develop discovery supporting a connection between Project Angel and the asserted patents. Defendants' delay did not end there. Over the course of the next several months, beginning in May, AT&T produced documents pursuant to Defendants' subpoena. The last production occurred on September 13, 2023. Defendants still did not supplement their contentions, identify Project Angel as elected prior art, or provide any notice to Neo that Project Angel actually discloses or embodies any of the claim elements of the asserted patents.

It was not until December 20, 2023, at the last minute, that Defendants elected Project Angel for the first time and charted it against the asserted claims. Neo contends, and Defendants did not dispute, that the December 20, 2023 charts rely (for the technical mapping of Project Angel to the asserted claims) heavily on documents obtained from AT&T

in May—seven months before Defendants served the updated contentions. (ECF No. 209, PageID.11838). Neo was entitled to rely on Defendants' actual contentions and claim elections in conducting discovery in this case. Neo would now be prejudiced by the need to conduct discovery or new analysis at this stage in the case in response to Defendants' untimely contentions.

Finally, the post-claim construction deadline does not save Defendants. That deadline is intended to allow last-minute changes to contentions prompted by the Court's claim construction. Defendants have not provided any argument that their Project Angel contentions have anything to do with any claim construction ruling.

In summary, Defendants have no explanation for their delay in both (1) seeking discovery on Project Angel and (2) supplementing their contentions upon receiving that discovery. Despite describing their discovery efforts (ECF No. 215, PageID.11990–92), Defendants do not explain why it took them seven months (from August 2022 to March 2023) to begin conducting this discovery. As discussed, the parties' Joint Scheduling Order requires that "[t]he parties should conduct timely discovery so that these contentions can be updated as soon as possible." (ECF No. 84, PageID.2599). Like the patentee in *O2 Micro*, Defendants here have "failed to establish that it required three months" to "sufficiently develop" their new contentions in order to adequately disclose them. *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d

1355, 1367 (Fed. Cir. 2006).

Accordingly, the Court finds that Defendants have not shown good cause for their dilatory discovery or why they waited seven months to provide any contentions based on that information. Here, this length of time is not reasonable given the procedural history of this case. *See id.* at 1366 ("Thus, we reject O2 Micro's apparent argument that 'good cause' must exist for amending its infringement contentions, without regard to its diligence in doing so, merely because new evidence was revealed during discovery.").

## IV. CONCLUSION

For the reasons stated in this opinion and order, the Court **GRANTS** Neo's Motion to Strike Defendants' Untimely Prior Art. Specifically, the Court strikes Defendants' invalidity contentions for the Project Angel reference, strikes Project Angel from Defendants' final prior art elections, and prohibits Defendants from relying on these invalidity contentions in their case.

**IT IS SO ORDERED.**

Dated: April 25, 2024         s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE